# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHRISTOPHER SCOTT HARGETT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 22-365-GBW |
| | : | |
| INFOR (US), INC., | : | |
| | : | |
| Defendant. | : | |

Christopher Scott Hargett, Smyrna, Delaware – *Pro se* Plaintiff

Laurence V. Cronin, SMITH, KATZENSTEIN, & JENKINS LLP, Wilmington, Delaware – Counsel for Defendant Infor (US), Inc.

Donald D. Gamburg and Yuliya Khromyak, OGLETREE, DEAKINS, NASH, SMOAK & STEWART PC, Philadelphia, Pennsylvania – Counsel for Defendant Infor (US), Inc.

**MEMORANDUM ORDER**

March 28, 2025
Wilmington, Delaware

This is an employment discrimination case. Presently pending before the Court is Defendant Infor (US), Inc.'s motion for summary judgment. (D.I. 128.)

1. On March 22, 2022, Plaintiff filed his Complaint against Defendant. (D.I. 1.) The Complaint has two counts. Counts I and II allege that Defendant's decision to discharge Plaintiff violated the Age Discrimination in Employment Act (ADEA) and the Delaware Discrimination in Employment Act (DDEA). Defendant has moved for summary judgment on both counts. (D.I. 128.)

2. A party may move for summary judgment under Federal Rule of Civil Procedure 56. Summary judgment must be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is only genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must "draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000). Rather, "the judge must ask himself whether a fair-minded jury could return a verdict for the [claimant] on the evidence presented" in view of the substantive evidentiary burden that applies in the case. *Anderson*, 477 U.S. at 252. "[W]here a non-moving party fails sufficiently to establish the

1

existence of an essential element of its case on which it bears the burden of proof at trial, there is not a genuine dispute with respect to a material fact and thus the moving party is entitled to judgment as a matter of law." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014) (citing *Lauren W. v. DeFlaminis*, 480 F.3d 259, 266 (3d Cir. 2007)).

3. Summary judgment will be entered for Defendant as to Counts I and II. Plaintiff contends that Defendant discharged him because of his age. Since Plaintiff has pointed to no direct evidence of discrimination, Plaintiff's ADEA and DDEA claims are analyzed under the *McDonnell Douglas* burden-shifting analysis. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Riner v. Nat'l Cash Register*, 434 A.2d 375, 376 (Del. 1981). Thus, Plaintiff needs to first establish a "*prima facie* case" of disparate treatment by pointing to evidence that (1) he was at least forty, (2) he was qualified to serve as a senior software engineer at Defendant Infor (3) he was discharged, and (4) he was replaced by someone else "who was sufficiently young so as to support an inference of a discriminatory motive." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015). If Plaintiff succeeds in establishing a *prima facie* case, the burden shifts to Defendant to articulate a legitimate, non-discriminatory reason for discharging Plaintiff. *Id.* If Defendant satisfies that burden, Plaintiff "must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S.

2

167, 176 (2009).

4.    Even if Plaintiff has established a *prima facie* case, he hasn't identified evidence that would allow a reasonable fact finder to conclude that Plaintiff's age played any role in Defendant's discharge decision. Defendant's proffered reasons for discharging Plaintiff are that (1) Plaintiff "was not providing sufficient value to the PMF project as compared to the cost," (2) he "made it very clear to Mr. Bickle back in July that he wanted to leave the team," and (3) he "spent close to three months unsuccessfully looking for a suitable position." (D.I. 129; *see* D.I. 130 at 5-6.) In support of his argument that Defendant's proffered reasons are pretextual, Plaintiff reiterates that the other senior software engineer who was not discharged during Defendant Infor's reduction in force was twenty-seven years old. (*See* D.I. 142.) Plaintiff also asserts several new allegations against Defendant, which are outside the scope of the Complaint and unsupported by evidence of record. (*See id.*) Viewed together and in the light most favorable to Plaintiff, the factors pointed to by Plaintiff on rebuttal are insufficient for a reasonable fact finder to conclude that age played a role in Defendant's discharge decision. The Court will grant summary judgment for Defendant on Counts I and II.

6.    For the above reasons, the Court **GRANTS** Defendant's motion for summary judgment (D.I. 128). The Clerk of Court is directed to enter Judgment in

3

favor of Defendant and to mark the case **CLOSED**.

_____
The Honorable Gregory B. Williams
United States District Judge